UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-995(DSD/SRN)

Stephanie A. Arends,

    Plaintiff,

v.                                              **ORDER**

Extendicare Homes, Inc., d/b/a
Robbinsdale Rehabilitation and
Care Center,

    Defendant.

    Jonathan G. Steinberg, Esq. and Chrastil & Steinberg, 412 Fourth Street South, Suite 1155, Minneapolis, MN 55415, counsel for plaintiff.

    John D. Thompson, Esq., Leonard B. Segal, Esq. and Oberman, Thompson & Segal, One Financial Plaza, 120 South Sixth Street, Suite 850, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon defendant's request to file a motion to reconsider the court's April 10, 2008, order denying in part defendant's motion for summary judgment. Pursuant to Local Rule 7.1(g), motions to reconsider require the "express permission of the Court," which will be granted "only upon a showing of compelling circumstances." A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances."

<u>Dale & Selby Superette & Deli v. U.S. Dep't of Agric.</u>, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

In its April 10 order, the court granted summary judgment on two of plaintiff's Minnesota Whistleblower Act ("Act") claims that require a "good faith report" because there was no evidence that plaintiff intended to expose an illegality.  <u>See</u> Minn. Stat. § 181.932, subdiv. 1(a), (d).  The court, however, denied summary judgment on plaintiff's claim under subsection (c) of the Act because the court determined that factual issues remain as to whether plaintiff had an "objective basis in fact" to believe that the order from her supervisor violated the law and whether plaintiff informed her supervisor that she refused to perform the order because of her belief in its illegality.  (Order at 12-15.)  Defendant argues that the court's rulings are inconsistent.

It is not inconsistent, however, for an employee to believe an order violated the law and inform her employer that she refused to perform the order for that reason but not <u>intend</u> to expose the order as an illegality by simply seeking clarification.  In such a case, the employee's intent in informing the employer of her belief that the order is illegal is to clarify the order, not expose its illegality.  Therefore, because defendant is merely attempting to

relitigate an old issue and has not established extraordinary circumstances, **IT IS HEREBY ORDERED** that defendant's request to file a motion to reconsider [Doc. No. 67] is denied.

Dated:  April 28, 2008

s/David S. Doty\
David S. Doty, Judge\
United States District Court
